*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 15, 2021

Plaintiff-Appellee,

v

No. 352324
Berrien Circuit Court
LC No. 2018-016097-FH

BILLY JOE MURPHY, JR.,

Defendant-Appellant.

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Defendant, Billy Joe Murphy, Jr., appeals by right his jury conviction of assault by strangulation, MCL 750.84(1)(b). The trial court sentenced defendant, as a third-offense habitual offender, MCL 769.11, to 14 months to 240 months' imprisonment. We affirm.

## I. FACTUAL BACKGROUND

While at a bar, defendant approached the victim, stepped up closely to her, and said something that she could not hear. Defendant and the victim did not know each other. The victim asked defendant five or six times to back away from her, but he refused, so she pushed him away. Defendant responded by grabbing her by the throat and pushing her into a brick wall causing her head hit the wall. Defendant also grabbed the victim's necklace and ripped it off. She tried to yell for help but could not make any noise and could not breathe which caused her to believe that she was going to die. When defendant reached back as if he were going to punch the victim in the face, she broke a beer bottle on his head causing him to fall to the ground. He got up, and again went after the victim and yelled that he was going to kill her. Several people intervened and the victim fled the scene with another bar patron. Police officers responded to the scene. A couple days later the victim complained to the police who later charged defendant with assault with intent to do great bodily harm less than murder or assault by strangulation or suffocation. A jury found defendant guilty of assault by strangulation. This appeal followed.

-1-

## II. ANALYSIS

Defendant argues that the trial court abused its discretion when it allowed the prosecution to cross-examine him about his prior criminal sexual conduct (CSC) conviction. We disagree.

"This Court reviews de novo both constitutional claims and any preliminary questions of law regarding admissibility of evidence." *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014). We review for an abuse of discretion a trial court's decision to admit evidence. *People v Roper*, 286 Mich App 77, 90; 777 NW2d 483 (2009). A court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes. *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). Reversal is only required when the defendant has shown that "it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999).

MRE 404(a) provides that evidence of a person's character is generally inadmissible to show that the person acted "in conformity therewith on a particular occasion." However, pursuant to MRE 404(a)(1), "a defendant may offer evidence that he or she has a character trait that makes it less likely that he or she committed the charged offense." *Roper*, 286 Mich App at 93. If a defendant presents evidence of his or her own character, the prosecution may rebut the defendant's evidence by presenting evidence about the same character trait. *Id*. Evidence that is relevant and admissible for one purpose is not inadmissible simply because it would be inadmissible for a different purpose. *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000). However, the trial court must instruct the jury on the proper scope of the evidence in such cases when a party requests an instruction. See MRE 105; *Sabin (After Remand)*, 463 Mich at 56.

A trial court may exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403; see also *People v Feezel*, 486 Mich 184, 198; 783 NW2d 67 (2010). Unfair prejudice exists when a jury will give minimally probative evidence undue weight, or when it would be otherwise inequitable to admit the evidence. *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). However, prejudice is more than just damaging a party's case because a person's case "is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion." *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995). "The determination whether the probative value of evidence is substantially outweighed by its prejudicial effect is best left to a contemporaneous assessment of the presentation, credibility, and effect of the testimony." *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009) (citation omitted).

In this case, defendant chose to testify on his own behalf at trial. Defense counsel questioned defendant regarding his assertion that he defended himself from the victim. He testified that he was "supposed to protect [him]self" and that he was "supposed to be a man." Defendant later testified that "[i]t's not that I go around hitting and beating on women."

Defendant's statement prompted the prosecution to move for permission to question defendant about his prior domestic violence and CSC convictions. Defense counsel objected to the admission of evidence of the CSC conviction as irrelevant and too prejudicial. The prosecution

countered that CSC consisted of unconsented touching similar to defendant's battery of the victim in this case. Further, the victim in defendant's CSC conviction reported that defendant had strangled her. The trial court recognized the potentially prejudicial effect but after weighing the probative value versus the prejudicial effect of the evidence it ruled that it would allow testimony about defendant's domestic violence and CSC convictions.

When the prosecution cross-examined defendant about his prior convictions, defendant admitted that he pleaded guilty to domestic violence related to physically assaulting his wife in 2009. Defendant, however, denied that he physically assaulted his wife. Defendant further admitted that he pleaded guilty to CSC-II in 2007 related to the charge of sexually assaulting his 16-year-old stepdaughter. Defendant admitted that she accused him of having nonconsensual sex with her and "grabbing her by the neck and hitting her, leaving her with black eyes." Defendant, however, denied that the allegations were true.

After the close of all proofs, the trial court instructed the jury that it could not use evidence of defendant's prior convictions to find that defendant was a bad person or someone likely to commit crimes. The trial court explained that the jury could not convict defendant simply because it found that defendant had been guilty of other bad conduct. The trial court instructed the jury that it needed to determine, based upon the evidence presented in this case, defendant's guilt beyond a reasonable doubt for the charged offense.

The trial court did not abuse its discretion by admitting evidence of defendant's prior convictions. Defendant's testimony regarding his character opened the door for the prosecution to introduce evidence to rebut defendant's assertion that he did not commit violence against women. See *Vasher*, 449 Mich at 503. The prosecution properly introduced the evidence of defendant's *specific conduct* on cross-examination. See MRE 405(a); *Roper*, 286 Mich App at 98. Further, because the prosecution presented the evidence to rebut defendant's character testimony, the evidence's admission fell under MRE 404*(a)*, rather than MRE 404*(b)*, and the prosecution was not required to offer another reason for the evidence's admission. See *Lukity*, 460 Mich at 498. Therefore, the prosecution properly introduced evidence on cross-examination to rebut defendant's assertion about his character. *Id*.; *Roper*, 286 Mich App at 95-96. Moreover, the trial court properly instructed the jury limiting the extent and purpose for which it could consider the evidence of defendant's prior convictions. *Roper*, 286 Mich App at 106. The trial court, therefore, did not abuse its discretion by admitting the evidence. *Id*. at 90.

Additionally, defendant challenges the admission of the evidence on the ground that the trial court did not conduct the MRE 403 balancing test which he argues would have determined that the evidence was more prejudicial than probative. The record, however, reveals that the trial court specifically acknowledged the prejudicial nature of the cross-examination testimony and weighed its probative value against the potential prejudicial effect of its admission. The trial court performed the balancing test, properly conducted its analysis, and came to the right conclusion. The evidence had substantial probative value respecting defendant's behavior toward women. The record indicates that the trial court recognized the probative value and weighed it against the potential prejudicial effect that evidence of defendant's prior batteries against women would have on the jury. It concluded that the probative value was not substantially outweighed by the danger of unfair prejudice because the CSC conviction had specific relevance regarding defendant's claim about his own character, that he did not go around beating women. Under further cross-

examination, defendant admitted that he pleaded guilty to both domestic violence and the CSC charges, but he also denied that the offenses occurred. Defendant's testimony contradicted itself and the jury properly considered all defendant's statements when making its determination of defendant's guilt in this case. That the evidence contradicted defendant's claim about his character did not make it unfairly prejudicial. *Roper*, 286 Mich App at 106. Defendant has failed to establish that the evidence lacked accuracy or resulted in unfair prejudice against him. The trial court properly admitted the evidence in response to defendant's own testimony about his character. See *Vasher*, 449 Mich at 501. Therefore, the trial court did not abuse its discretion when it ruled admissible defendant's prior acts evidence.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ James Robert Redford